**Chen Zhi HUI,\* Petitioner,**

v.

**Alberto R. GONZALES,\*\* Attorney General, Respondent.**

**No. 04–2942–AG.**

United States Court of Appeals, Second Circuit.

Feb. 16, 2006.

Grace Victoria Calle, Calle & Lee, LLP, New York, N.Y. (on submission), for Petitioner.

Michael C. Hanlon, Assistant United States Attorney, for Rod J. Rosenstein, United States Attorney for the District of Maryland, Baltimore, Md. (on submission), for Respondent.

---

\* The Clerk is requested to modify the official caption to reflect the correct order of Chen's name.

\*\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Chen Zhi Hui, a native and citizen of the People's Republic of China, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his application for withholding of removal pursuant to § 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3).[1] The BIA affirmed and adopted the decision of the Immigration Judge ("IJ"), who found that Chen's claims to persecution on account of being a Falun Gong practitioner were not credible. We presume the parties' familiarity with the facts, the procedural history and the scope of the issues presented for review, which we reference only as necessary to explain our decision.

We review an IJ's adverse credibility finding under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005). The IJ based her adverse credibility determination in large measure on inconsistencies central to Chen's withholding claim. In particular,

Chen's testimony that the police had "constantly" sought him out and sought out other members of his group ever since their participation in Falun Gong exercises in November 1999 was not consistent with letters submitted on his behalf by his father and by the friend who, according to Chen, introduced him to Falun Gong. The IJ also had valid bases for her findings (a) that Chen's asserted reasons for becoming interested in Falun Gong were inherently implausible, and (b) that his asserted devotion to the practice was dubious. Under the circumstances, we cannot say there was insufficient support in the record for the IJ's credibility finding. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004).

We note that the IJ's analysis was not entirely without error.[2] We are confident, however, that the IJ would reach the same decision absent these deficiencies. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–60 (2d Cir.2006); *see also Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 402 (2d Cir.2005) ("[R]emand should not be required where—notwithstanding admitted errors—overwhelming evidence supporting the administrative adjudicator's findings makes it clear that the same decision would have been reached in the absence of the errors.").

We have considered all of Chen's arguments and find them to be without merit.

[1]. Chen initially also applied for asylum and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85. Chen conceded at his removal hearing, however, that his asylum application was time-barred, *see* 8 U.S.C. § 1158(a)(2)(B). And, because Chen made no arguments concerning his CAT claim either to the BIA or to this Court, we deem the claim waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

[2]. For example, the IJ accused Chen of "making up" the date on which his Falun Gong meeting was broken up by Chinese authorities. There is no support in the record for the assertion that Chen invented this date. The IJ also overstated any inconsistencies in Chen's account of how he became interested in Falun Gong.

The petition for review and motion for stay of removal are therefore DENIED.